# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  10-03048-01-CR-S-RED |
| | ) | |
| CLARK WAYNE KIRKMAN, | ) | |
| | ) | |
| Defendant . | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After the defendant filed a psychological report prepared by Kenneth W. Franks, Ph.D. Clinical Psychologist, the United States filed a motion requesting an evaluation pursuant to 18 U.S.C. § 4241(a)(b) and § 4247.  That motion was granted and subsequently a report authored by Shannon Maney Correia, M.A., Psychology Intern,  and Christina A. Pietz, Ph.D, Staff Psychologist, United States Medical Center for Federal Prisoners, was filed.  The matter was called for a hearing, at which Ms.  Maney and Doctor Franks testified.

The credible evidence establishes that Doctor Franks conducted a psychological evaluation of the defendant on June 27, 2010.  After a day-long evaluation, which included psychological testing, Doctor Franks concluded that the defendant was in the midst of a hypomanic episode and was suffering from untreated bipolar disorder.  He acknowledged that the defendant was able to understand the nature and consequences of the proceedings, however, concluded that he was not able to cooperate in a rational manner with counsel.  In the latter regard, he noted the defendant's thinking was disorganized, inaccurate and tangential ; that he cannot rationally weigh his legal options, and he cannot make logical or sound decisions.

Doctor Pietz and Ms. Maney evaluated the defendant from September 14 to October 15, 2010. During that period of time, it was concluded that the defendant was not suffering from a diagnosable mental disease or defect. It was acknowledged that he had possibly experienced hypomanic behavior in the past, but that a current lack of symptoms and his minimal mental health history did not meet diagnostic criteria for a mood disorder. In his report, Doctor Franks mentioned letters that were written to the defendant's sister, which contained the sort of disorganized and tangential thinking he observed in June. Ms. Maney talked to the defendant's sister in the course of her evaluation. The sister acknowledged that she had talked to the defendant since the letters were written, and she reported that he seemed more organized and rational. The evaluators at the Medical Center agreed with Doctor Franks that the defendant understands the charges against him and the legal process. However, they conclude that he does not presently have a mental illness which would prevent him from assisting his attorney. The defendant knew that he had been assigned a federal public defender; that he felt he could work with his attorney, but desired more frequent contact, and expressed a desire to know more about what his attorney was planning to do with his case. When the defendant became hyperverbal, the evaluators redirected him, and he was able to answer questions in a more concise manner. Defendant noted that if he had disagreements with his attorney, he could talk with him, discuss it, and ask questions. Defendant concluded that he wishes to have more frequent and lengthy communication with his attorney.

Based upon the evidence submitted, the court cannot find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. It must therefore be

RECOMMENDED that the defendant be declared competent to stand trial.

              /s/ James C. England
              **JAMES C. ENGLAND**
           **UNITED STATES MAGISTRATE JUDGE**

Date: February 14, 2011